Michael A. Faillace
MICHAEL FAILLACE & ASSOCIATES PC.
60 East 42nd Street Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PEDRO CAMACHO HERNANDEZ and
FILIO ROBERTO LUCAS GARCIA
*individually and on behalf of others similarly
situated,*

                              *Plaintiffs*,

              -against-

POPPY'S DELI INC. (d/b/a Poppy's Deli),
2152 D CORP. (d/b/a Ray's Deli Grill), and
RUDY GUERRINO

                    *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**

**29 U.S.C. § 216(b)**

**ECF Case**

        Pedro Camacho Hernandez and Filio Roberto Lucas Garcia ("Plaintiffs"), individually

and on behalf of others similarly situated, by and through their attorneys, MICHAEL FAILLACE &

ASSOCIATES, P.C., upon their knowledge and belief, and as against Defendants Poppy's Deli Inc.

(d/b/a Poppy's Deli), 2152 D Corp. (d/b/a Ray's Deli Grill), ("Defendant Corporations"), and

Rudy Guerrino (collectively, "Defendants"),"), allege as follows:

                    **NATURE OF THE ACTION**

        1.        Plaintiffs are former employees of Defendants.

        2.        Defendant Rudy Guerrino owns, operates, and/or controls two delis located at 420

E. Sandford Blvd, Mt Vernon, New York 10550 (hereinafter "the Mt. Vernon location"), and

2152 Crotona Parkway, Bronx, New York 10460 (hereinafter "the Bronx location").

3.      Plaintiffs were employed as a cook, food preparers, delivery workers, dish washers, sandwich preparers, and cashiers.

4.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

5.      Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

6.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.       At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.      Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

12.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

*Plaintiff Pedro Camacho Hernandez*

13.      Plaintiff Hernandez is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately 2000 or 2001 until on or about December 2014 and from approximately May 2015 until on or about June 2015. During the course of his employment, Plaintiff Hernandez worked only at the Mt. Vernon location.

*Plaintiff Filio Roberto Lucas Garcia*

14.      Plaintiff Garcia is an adult individual residing in Westchester County, New York. He was employed by Defendants from approximately June 1995 until on or about May 2015. During the course of his employment, Plaintiff Garcia worked at Defendants' Mt. Vernon and Bronx locations.

*Defendants*

15.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled two delis located at 420 E. Sandford Blvd, Mt Vernon, New York 10550, and at 2152 Crotona Parkway, Bronx, New York 10460.

16.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

17.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

18.     Upon information and belief, Poppy's Deli Inc. (d/b/a Poppy's Deli), (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 420 E. Sandford Blvd Mt. Vernon, New York 10550.

19.     Upon information and belief, 2152 D Corp. (d/b/a Ray's Deli Grill) (defendant corporation), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 2152 Crotona Parkway, Bronx, New York 10460.

*Defendant Rudy Guerrino*

20.     Defendant Rudy Guerrino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

21.     Defendant Rudy Guerrino is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

22.     Upon information and belief, Defendant Rudy Guerrino possesses or possessed operational control over each of Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23.     Defendant Rudy Guerrino determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

24.     Defendants operate two delis, one in Mt. Vernon and the other in the Bronx section of New York.

25.     Upon information and belief, individual Defendant Rudy Guerrino, possess or possessed operational control over the Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method and share or shared control over the employees.

27.     Individual Defendant possess or possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

5

28.     Individual Defendant jointly employed Plaintiffs, and all similarly situated individuals, and is their (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, the Defendants constitute a single employer of Plaintiffs and similarly situated individuals.

30.     Upon information and belief, individual Defendant Rudy Guerrino, operates or operated Defendant Corporations as either alter egos of himself, and/or fails or failed to operate Defendant Corporations as entities legally separate and apart from himself, by, among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    b)  defectively forming or maintaining Defendant Corporations, by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

    c)  transferring assets and debts freely as between all Defendants;

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder;

    e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations or closely held or controlled entities;

    f)  intermingling assets and debts of his own with those of Defendant Corporations;

    g)  diminishing and/or transferring assets to protect his own interests;

h) other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

32.     In each year from 2011 to 2015, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Defendant Corporations, such as beverages and food, were produced outside the state of New York.

*Individual Plaintiffs*

34.     Plaintiffs are former employees of Defendants and were employed as a cook, food preparers, delivery workers, dish washers, and sandwich preparers.

35.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Pedro Camacho Hernandez*

36.     Plaintiff Hernandez was employed by Defendants from approximately in or around the year 2000 or 2001 until on or about December 2014 and from approximately May 2015 until on or about June 2015.

37.     During the course of his employment, Plaintiff Hernandez worked only at the Mt. Vernon location.

38.    Plaintiff Hernandez was employed by Defendants as a sandwich preparer, delivery worker, and dish washer.

39.    Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

40.    Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

41.    Plaintiff Hernandez regularly worked in excess of 40 hours per week.

42.    From approximately October 2011 until on or about December 2013, Plaintiff Hernandez worked at the Mt. Vernon location from approximately 5:00 a.m. until on or about 3:00 p.m. three days a week, from approximately 5:00 a.m. until on or about 4:00 p.m. two days a week and from approximately 5:00 a.m. until on or about 5:00 p.m. 1 day a week (typically 64 hours per week).

43.    Once a month, Plaintiff Hernandez would work 7 days a week, from approximately 5:00 a.m. until on or about 3:00 p.m. four days a week, from approximately 5:00 a.m. until on or about 4:00 p.m. two days a week, and from approximately 5:00 a.m. until on or about 5:00 p.m. 1 day a week. (typically 74 hours per week)

44.    From approximately January 2014 until on or about December 2014 Plaintiff Hernandez worked at the Mt. Vernon location from approximately 5:00 a.m. until on or about 3:00 p.m. three days a week, from approximately 5:00 a.m. until on or about 4:00 p.m. two days a week and from approximately 6:00 a.m. until on or about 8:00 p.m. 1 day a week (typically 66 hours per week).

45.    Once a month, Plaintiff Hernandez would work 7 days a week, from approximately 5:00 a.m. until on or about 3:00 p.m. four days a week, from approximately 5:00

a.m. until on or about 4:00 p.m. two days a week, and from approximately 6:00 a.m. until on or about 8:00 p.m. 1 day a week (typically 76 hours per week).

46.    From approximately May 2015 to June 2015, Plaintiff Hernandez worked at the Mt. Vernon location from approximately 6:00 a.m. until on or about 3:00 p.m. 3 days a week, and from approximately 6:00 a.m. to 4:00 p.m. three days a week (typically 57 hours per week).

47.    Throughout his employment with Defendants, Plaintiff Hernandez was paid his wages in cash.

48.    From approximately October 2011 until on or about December 2013, Plaintiff Hernandez was paid an hourly wage of $10.00 per hour.

49.    From approximately January 2014 until on or about December 2014, Plaintiff Hernandez was paid an hourly wage of $11.00 per hour.

50.    From approximately May 2015 to June 2015, Plaintiff Hernandez was paid an hourly wage of $11.00 per hour.

51.    Defendants never granted Plaintiff Hernandez a meal break or rest period of any kind.

52.    Defendants never provided Plaintiff Hernandez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.    No notification, either in the form of posted notices, or other means, was given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

54.    Defendants never provided any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including a truck which he used to run personal errands for Defendants as well as deliveries for the deli. Defendant deducted the cost of the truck from Plaintiff Hernandez's pay at a rate of $50 per week. Plaintiff Hernandez also had to pay for gas to fill up the truck as well as any parking tickets. After an altercation the Defendant took the truck back and did not reimburse Plaintiff Hernandez for the amount he paid toward the truck. Plaintiff Hernandez also paid for six work shirts.

*Plaintiff Filio Roberto Lucas García*

56.     Plaintiff Garcia was employed by Defendants from approximately June 1995 until on or about May 2015.

57.     At all relevant times during the course of his employment, Plaintiff Garcia worked at Defendants' Mt. Vernon and Bronx locations.

58.     Plaintiff Garcia was employed by Defendants as a cook, food preparer, delivery worker, dish washer, sandwich preparer, and cashier.

59.     Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

60.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

61.     Plaintiff Garcia regularly worked in excess of 40 hours per week.

62.     From approximately October 2011 until on or about December 2012, Plaintiff Garcia worked at the Mt. Vernon location from approximately 4:30 a.m. until on or about 5:00 p.m. three days a week, from approximately 4:30 a.m. until on or about 6:00 p.m. 2 days a week, and from approximately 5:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 74.5 hours

per week).

63.     From approximately January 2013 until on or about December 2013, Plaintiff
Garcia worked at the Mt. Vernon location from approximately 4:30 a.m. until on or about 5:00
p.m. three days a week, from approximately 4:30 a.m. until on or about 6:00 p.m. 2 days a week,
and from approximately 5:00 a.m. until on or about 4:00 p.m. on Saturdays; in addition, Plaintiff
Garcia also worked at the Bronx location from approximately 5:00 p.m. until on or about 8:00
p.m. five days a week(typically 89.5 hours per week).

64.     From approximately January 2014 until on or about December 2014, Plaintiff
Garcia worked at the Mt. Vernon location from approximately 4:30 a.m. until on or about 5:00
p.m. three days a week, from approximately 4:30 a.m. until on or about 6:00 p.m. 2 days a week,
and from approximately 5:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 74.5 hours
per week).

65.     From approximately January 2015 until on or about May 2015, Plaintiff Garcia
worked at the Mt. Vernon location from approximately 4:30 a.m. until on or about 5:00 p.m.
three days a week, from approximately 4:30 a.m. until on or about 6:00 p.m. 2 days a week, and
from approximately 5:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 74.5 hours per
week).

66.     Throughout his employment with Defendants, Plaintiff Garcia was paid his wages
in cash.

67.     From approximately October 2011 until on or about December 2011, Plaintiff
Garcia was paid a fixed salary of $500.00 per week.

68.      From approximately January 2012 until on or about December 2012, Plaintiff
Garcia was paid a fixed salary of $520.00 per week.

69.     From approximately January 2013 until on or about December 2013, Plaintiff Garcia was paid a fixed salary of $540.00 per week.

70.     From approximately January 2014 until on or about December 2014, Plaintiff Garcia was paid a fixed salary of $700.00 per week.

71.     From approximately January 2015 until on or about May 2015, Plaintiff Garcia was paid a fixed salary of $800.00 per week.

72.     Defendants never granted Plaintiff Garcia a meal break or rest period of any kind.

73.     Defendants never provided Plaintiff Garcia with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

74.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

75.     Defendants never provided any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including six pairs of work shirts and he was also required to pay gas money to use the company car for deliveries.

*Defendants' General Employment Practices*

77.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs  and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

78.     Defendants' pay practices resulted in Plaintiffs and similarly situated individuals

not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

79.     Plaintiffs and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

80.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

81.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82.     Defendants paid Plaintiffs all of their wages in cash.

83.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs, at all relevant times, properly for (1) minimum wage due, (2) for overtime due and 3) for spread of hours pay.

84.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required

by NYLL §195(3).

85.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

88.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

### FIRST CAUSE OF ACTION
**(Violation of the Minimum Wage Provisions of the FLSA)**

89.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.

94.     Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.     Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in

excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

99.     Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

101.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.     Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

103.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

104.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

105.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.     Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

107.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

108.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of

16

**Labor)**

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiffs  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

111.    Defendants' failure to pay Plaintiffs  an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

112.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

115.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

116.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

117.    Defendants never provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

118.    Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

119.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

120.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as uniforms and transportation, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(e)    Awarding Plaintiffs and the FLSA class members damages for the amount of

unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(k)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs the expenses incurred in this action, including costs and

attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 31, 2017

By:    _____/s/ Michael Faillace_____
                Michael Faillace
       MICHAEL FAILLACE & ASSOCIATES, P.C.
                60 East 42nd Street, Suite 4510
                New York NY 10165
                Telephone: (212) 317-1200
                Facsimile: (212) 317-1620
                *Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

October 24, 2017

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                           Pedro Camacho Hernandez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       _Pedro C_____

Date / Fecha:                            October 24, 2017

*Certified as a minority-owned business in the State of New York.*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 26, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     **Filio Roberto Lucas Garcia**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      26 de octubre de 2017

*Certified as a minority-owned business in the State of New York*