# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510         Telephone: (212) 317-1200
New York, New York 10165                Facsimile: (212) 317-1620

michael@faillacelaw.com

May 9, 2019

**BY ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

              Re:     <u>**Hernandez et al v. Poppy's Deli Inc., et al; 17-cv-8412**</u>

Your Honor:

       This office represents plaintiff Pedro Camacho Hernandez, Filio Roberto Lucas Garcia and Miguel Lucas Avila ("Plaintiffs") in the above referenced matter. Plaintiffs write jointly with defendants Poppy's Deli Inc. (d/b/a Poppy's Deli), 2152 D Corp. (d/b/a Ray's Deli), ("Defendant Corporations"), and Rudy Guerrino ("Individual Defendant"), to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

       The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

       Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pay pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

       Specifically, Plaintiff Hernandez alleges he was employed by Defendants during the period from approximately 2000 or 2001 until on or about December 2014, that he regularly worked over 40 hours a week, and that he was paid an hourly rate that failed to appropriately compensate his overtime hours.

Page 2

Similarly, Plaintiff Garcia alleges he was employed by Defendants during the period from approximately June 1995 until on or about May 2015, that he regularly worked over 40 hours a week, and that he was paid a fixed salary per week that failed to appropriately compensate his regular and overtime hours.

In addition, Plaintiff Lucas alleges he was employed by Defendants during the period from approximately October 2011 until on or about March 2014, that he regularly worked over 40 hours a week, and that he was paid an hourly rate that failed to appropriately compensate his regular and overtime hours.

Defendants categorically deny the allegations in the Complaint.

**2. Settlement Terms**

Plaintiffs allege they were entitled to back wages of approximately $223,832.75. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $641,847.04, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $200,000. The settlement will be paid in ten (10) installments.

The settlement amount will be distributed as follows[1]:

a. A total amount of $17,422.86 shall correspond to Plaintiff Pedro Camacho Hernandez.
b. A total amount of $90, 719.14 shall correspond to Plaintiff Filio Roberto Lucas Garcia.
c. A total amount of $25,191.33 shall correspond to Plaintiff Miguel Lucas Avila.[2]
d. A total amount of $66,666.67 shall correspond to Plaintiffs' attorneys Michael Faillace & Associates P.C.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. While Defendants have not yet produced employment

---

[1] This firm requested Defendants write four separate checks each month (one to us for attorneys' fees and one to each of the three Plaintiffs). However, Defendants insisted that for matters of convenience they were only willing to write two checks a month (one check made out to the firm representing attorneys' fees and one check made out to the firm representing the Plaintiffs' portions). In order to preserve the agreement, we consented to two checks. The check made out to our firm representing the Plaintiffs' portion will be distributed to the Plaintiffs according to the delineation in the settlement agreement.
[2] The amount each Plaintiff is getting is based on their respective percentage of the total alleged damages.

Page 3

records, they vehemently deny Plaintiffs' claims regarding their hours worked, and have indicated they would provide witnesses rebutting their at trial.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $66,666.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $16,707.50. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour. Mr. Barton's standard rate is $375 and Ms. Isaacson's standard rate is $350. A brief bio of each attorney follows.

While Plaintiffs' counsel is asking for 3.99 times their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiffs with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

Page 4

      i.      I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for 2016, 2017, and 2018.

      iii.      Sara Isaacson was an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Michael Faillace
      Michael Faillace
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiffs

Enclosures